CONNELLEE et al. v. CHAS. C. THOMPSON CO. (No. 8026.)

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 31, 1914.)

SALES (§ 418*)—BREACH OF CONTRACT—PROFITS—NOTICE.

Though the seller breached its contract by delaying shipments of books, and the purchaser lost profits he would have made on resale, he cannot recover such profits, where the seller had no notice of the expected profits.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1174–1201; Dec. Dig. § 413.*]

Appeal from Eastland County Court; E. A. Hill, Judge.

Action by the Charles C. Thompson Company against C. U. and R. S. Connellee, who counterclaimed. From a judgment for plaintiff, defendants appeal. Affirmed.

D. G. Hunt, of Eastland, for appellants. Earl Conner, of Eastland, for appellee.

DUNKLIN, J. The Chas. C. Thompson Company instituted this suit against R. S. Connellee and C. U. Connellee to recover an indebtedness claimed against R. S. Connellee as principal and against C. U. Connellee as guarantor.

R. S. Connellee was engaged in the business of selling books at auction, and the indebtedness for which plaintiff sought a recovery was for sales made covering several

---

months; the purchases having been made at different times and in different amounts. R. S. Connellee was a traveling salesman, and would order the books from plaintiff, doing business in the city of Chicago, to be shipped to different towns, where he would sell them at auction on certain days previously advertised by him. Before plaintiff agreed to extend credit for such purchases, it required, and was given, the written guaranty, to the extent of $500, of the defendant C. U. Connellee, the uncle of R. S. Connellee. The defendant R. S. Connellee filed a counterclaim against the plaintiff, alleging, in substance, that plaintiff had breached its contract in delaying shipments of certain orders to certain towns at which he had previously advertised sales, and that, by reason of such delays, he was unable to meet such appointments, and by reason thereof. lost profits in a sum named, which was in excess of the amount of plaintiff's demand.

The case was tried by the court without the aid of a jury, and his findings of fact and conclusion of law appear in the record. The counterclaim was denied by the trial judge, and judgment was rendered in plaintiff's favor for the amount of its demand. Defendants have appealed.

But one assignment of error is presented here, which reads:

"The court below erred in finding and rendering judgment accordingly that defendant R. S. Connellee was not entitled to recover damages against the plaintiffs on his cross-action by reason of their breach of the contract they had entered into with the plaintiffs."

This assignment is not a copy of any paragraph of appellant's motion for new trial which appears in the record, but was filed in the trial court separately as an assignment of error. By reason of that fact, and upon the further proposition that the assignment is too general, appellee objects to a consideration thereof. It is unnecessary to determine the merits of these objections, since the judgment should be affirmed for the reasons hereinafter stated.

The court found, in effect, that plaintiff breached its contract by delaying certain shipments of books to R. S. Connellee, and that by reason of such delays R. S. Connellee lost profits in his business as a salesman of the books at public auction in the sum of $360. But the court further made the following finding:

"I find that plaintiffs had no notice of the expected profits testified about by R. S. Connellee that he contemplated making by the sale of the books and goods purchased from plaintiffs."

This finding has not been challenged by any assignment presented here, and under it no other judgment could have been rendered than to deny a recovery of the profits so claimed by R. S. Connellee.

Therefore the judgment is affirmed.

Affirmed.